CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 JAN 12  PM 2: 58

DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## ABILENE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO: 1:15-CR-00051-P-BL-1** |
| | § | |
| | § | |
| **DEBRAH ANN BUCHANAN** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The magistrate judge submits this Report and Recommendation to the United States district judge pursuant to 28 U.S.C. §636(b) and the referral Order dated December 15, 2015 (Doc. 16), addressing the motion to revoke **DEBRAH ANN BUCHANAN**'s term of supervised release.

## I.     PROCEDURAL BACKGROUND

### A.     Original Conviction

On October 20, 2010, **DEBRAH ANN BUCHANAN** (hereafter "Defendant") pleaded guilty to Count One of an indictment charging Conspiracy to Possess with Intent to Distribute Oxycodone, 21 U.S.C. § 841(a)(1) & (b)(1)(C) and 21 U.S.C. § 846. (WDTX Doc. 144). On February 3, 2011, Defendant was sentenced to 57 months custody, to be followed by a 3-year term of supervised release. (Doc. 4) Supervision commenced on February 27, 2015. (Doc. 4).

On August 4, 2015, jurisdiction was transferred from Senior U.S. District Judge Robert Junell in the Western District of Texas to Chief U.S. District Judge Jorge A. Solis. (Doc. 2).

On October 15, 2015, a Petition for Offender under Supervision (Doc. 4) was filed by the United States Probation Office, requesting a violator's warrant for Defendant's arrest after

violation of the conditions discussed below. The District Judge ordered the issuance of a warrant on the same date. (*Id.*). On November 3, 2015, Defendant was arrested.

### B.    Revocation Proceedings

#### 1)    Procedural History

Before the Court is the Government's Motion to Revoke Supervised Release dated October 16, 2015 (Doc. 6), requesting revocation of Defendant's term of supervised release and that Defendant be ordered to serve a sentence as determined by the Court. This Motion followed the Petition of the United States Probation Office, (Doc. 4), executed October 15, 2015.

Following Defendant's arrest, she appeared before the undersigned on November 10, 2015, for an initial appearance. (Doc. 8). A detention hearing and preliminary hearing were scheduled for November 24, 2015, but Defendant waived her right to such hearings. (Doc. 14). An Order of Detention and Finding Probable Cause was entered by the magistrate judge on November 24, 2015. (Doc. 15).

#### 2)    Violation Allegations

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release, specifically[1]:

**Violation of Additional Condition**

The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.

**Violation of Mandatory Condition No. 2**

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

---

[1] Alleged violations taken from Petition for Offender under Supervision dated October 15, 2015.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

**Violation of Standard Condition No. 15**

The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency, which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

**Nature of Noncompliance**

Debrah Ann Buchanan (Buchanan) violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about July and September, 2015. On July 28, 2015, Buchanan submitted a specimen at the U.S. Probation Office in Abilene, Texas, that tested positive for methamphetamine and opiates. Additionally, on September 10, 2015, Buchanan submitted a urine specimen collected by Sr. U.S. Probation Officer Connie Massey (Senior USPO Massey) in Big Spring, Texas, that tested positive for methamphetamine. Further, on July 14 and 28, 2015, Buchanan admitted verbally and in writing to U.S. Probation Officer Scott Cannon (USPO Cannon) that she used methamphetamine on July 12, 23, and 24, 2015.

Buchanan further violated these terms of supervision by using an expired prescription of Oxycodone in July 2015. On July 28, 2015, Buchanan admitted verbally and in writing to USPO Cannon that she ingested Oxycodone pills from an expired prescription on or about July 27, 2015.

**Violation of Standard Condition No. 3**

The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Violation of Standard Condition No. 15**

The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency, which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.

**Nature of Noncompliance**

Debrah Ann Buchanan (Buchanan) violated these conditions of supervised release when she failed to submit a urine specimen as required on July 22, and 24, 2015.

### 3)    Revocation Hearing

A Final Hearing on the Motion to Revoke Supervised Release was held on January 5, 2016, before the magistrate judge. Defendant was represented by Chris Carnohan; the United States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded.

Upon call of the matter, Defendant was placed under oath. The undersigned read the allegations contained in the Government's Motion to Revoke, after which Defendant indicated that she understood the allegations. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. The undersigned also informed Defendant that the presiding District Judge was not obligated to impose the sentence recommended by the magistrate judge. Defendant acknowledged her understanding and entered a plea of true to the allegations contained in Section I.B(2) above, specifically: Standard Conditions Nos. 7, 15, and 3; the Additional Condition that she abstain from the use of alcohol and/or all other intoxicants; and Mandatory Condition No. 2. Defendant consented orally and in writing to allocution before the magistrate judge (Doc. 22). To that end, Defendant acknowledged that she had made mistakes, but going forward, she would try to do what was right. Defense Counsel and the attorney for the government declined to be heard.

## II.    FINDINGS OF THE COURT

i.    The Defendant pled true to the allegations that she violated conditions of her supervised release as contained in the Government's Motion to Revoke, and set

4

forth in Section I.B(2) above, specifically: Standard Conditions Nos. 7, 15, and 3; the Additional Condition that she abstain from the use of alcohol and/or all other intoxicants; and Mandatory Condition No. 2;

ii.    The Defendant was competent to make the decision to plead true to the allegations;

iii.   The Defendant had both a factual and rational understanding of the proceedings against her;

iv.    The Defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea;

v.     The Defendant was sane and mentally competent to stand trial for these proceedings and to assist her attorney in the preparation and conduct of her defense;

vi.    The Defendant received a copy of the Government's Motion to Revoke, either read or had it read to her, had adequate opportunity to discuss the charges against her with her attorney, and ultimately understood the charges alleged against her;

vii.   A preliminary revocation hearing was terminated based upon the waiver of Defendant to contest probable cause as to the alleged violations. An Order of Detention and Finding Probable Cause was subsequently entered by the magistrate judge;

viii.  At the final revocation hearing, Defendant understood all of her statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations listed in subsection I.B(2) above; and

ix.    The Defendant violated conditions of her supervised release.

## III.    SENTENCING

### A.    FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

i.      The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

ii.     The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[2];

iii.    The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

iv.     The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and

v.      The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

## B.    STATUTORY AND GUIDELINE PROVISIONS

The classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of four to ten months imprisonment, based upon Defendant's criminal history category of II and the admitted Grade C violations. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's admitted

---

[2] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *U.S. v. Tapia*, 131 S.Ct. 2382 (2011).

violations of using and possessing a controlled substance and for refusal to comply with drug testing. *See* 18 U.S.C. § 3583(g)(1) and (3).[3]

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); *see also U.S. v. Jackson*, 559 F.3d 368 (5th Cir. 2009). Accordingly, Defendant is subject to a term of supervised release of at least 3 years up to life, minus any revocation sentence.

## IV.    ANALYSIS AND RECOMMENDATION

### A.   Personal History

Defendant released from custody in February 2015, and began serving her term of supervised release in the Northern District of Texas, Abilene Division. Upon commencing this term of supervision, she resided with her daughter, Ashley, and family at their home in Big Spring, Texas. In March 2015, Defendant secured employment at the Big Spring State Hospital where she remained employed during this period of supervised release. She was also referred for substance abuse aftercare services with Cantu Counseling in Big Spring, Texas.

---

[3] *See*, however, the exception contained in § 3583(d): "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(d). Although Defendant failed drug tests, her violations also include using and possessing a controlled substance and refusing to comply with testing.

In July 2015, Defendant admitted to relapsing and reverting to methamphetamine use. She continued with counseling services. Subsequently, on July 24, 2015, telephonic contact by the probation officer revealed Defendant's desire to relocate with her daughter, LeAnn, in Coahoma, Texas. Defendant was approved to relocate.

In an effort to further address Defendant's drug usage, she agreed to self-admit to Abilene Behavior Health, a local inpatient facility that treats both mental health and drug addiction issues, where she stayed for 5 days. Subsequently, in October 2015, Defendant was referred to Alpha Recovery Center, a federal drug treatment provider in Big Spring, Texas. Later, due to ongoing noncompliance and the issuance of a warrant, Defendant was unsuccessfully terminated.

### B.  Justification

The subject revocation proceeding is a result of Defendant's return to using illegal substances despite the multiple counseling programs she has been afforded throughout her life.[4] Upon arrest for the instant offense, Defendant was released on bond and was again provided treatment options, including drug aftercare service and a brief stay in a facility to address dual diagnosis for mental health issues and drug addiction. She was later unaccounted for after reportedly attending treatment services, then refused to provide a urinalysis, and ultimately absconded from the facility.

---

[4] In addition to the treatment described in Section A above, Defendant was previously placed in an inpatient drug treatment facility after a fourth DWI, followed by placement in a Substance abuse Felony Punishment Facility under supervision of the Texas Department of Criminal Justice.

Based on Defendant's conduct, coupled with her history of substance abuse and unsuccessful counseling and treatment programs, it appears Defendant is either unwilling or unable to commit to maintaining her sobriety. Therefore, a term of incarceration at the high end of the policy statement is appropriate in this case. **The recommendation of this Court is an 8-month term of imprisonment.**

Should the District Judge concur with the recommended custodial sentence, Defendant will be exposed to a term of supervised release of at least 36 months up to life, minus any sentence imposed upon revocation. **It is recommended that a 28-month term of supervised release be reimposed** in this case, satisfying the mandatory minimum term. As stated above, Defendant has yet to make sustained, responsible decisions concerning her sobriety. It is this Court's belief that an additional term of supervised release may benefit her by providing additional supervision, substance abuse counseling, and testing.

To that end, should supervised release be reimposed, the following conditions are recommended:

Mandatory Conditions:

1.    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2.    The defendant shall not commit another federal, state , or local crime.

3.    The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.

4.    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5.    The defendant shall also comply with the standard conditions recommended by the U.S. Sentencing Commission and shall comply with the following additional conditions:

Recommended Additional Condition(s):

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for the treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25 per month.

## V.    CONCLUSION

Upon consideration of the foregoing, the magistrate judge **RECOMMENDS:**

i.    that Defendant be found to have violated the conditions of her supervised release as set forth in Section I.B(2) above, specifically: Standard Conditions Nos. 7, 15, and 3; the Additional Condition that she abstain from the use of alcohol and/or all other intoxicants; and Mandatory Condition No. 2.;

ii.    that her supervised release be REVOKED;

iii.    that she be SENTENCED to the custody of the Attorney General for a period of eight (8) months; and

iv.    that a twenty-eight (28) month term of supervised release be reimposed, incorporating the conditions set forth above.

## NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO
## REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 12th day of January, 2016.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE